NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Petitioners*

2023-148

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 5:22-cv-00113-RWS-JBB, Judge Robert Schroeder, III.

## ON PETITION AND MOTION

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

In this patent infringement case, the United States District Court for the Eastern District of Texas entered an order denying LG Electronics Inc. and LG Electronics USA, Inc. (collectively, "LGE")'s motion to disqualify Mayer Brown LLP ("Mayer Brown") from representing Pantech Corporation and Pantech Wireless LLC (collectively, "Pantech").  LGE now petitions this court for a writ of mandamus directing the district court to vacate that order and grant its motion.  LGE also moves to stay the district court

proceedings pending our disposition of its petition and for oral argument. We now deny LGE's petition and its motions.

## BACKGROUND

In 2022, Pantech filed this infringement action asserting seven patents related to smartphone and cellular communications, including U.S. Patent No. 7,283,839 ("the '839 patent"), against LGE. Mayer Brown represents Pantech in the litigation.

From 2012 until 2020, Mayer Brown represented LGE against allegations that it infringed patents covering aspects of cellular standard technologies in five matters not part of this 2022 Pantech suit. Like the parties, we will refer to those five matters as: (1) the Arbitration matter; (2) the *Jenam* matter; (3) the *CCE* matter; (4) the *MTT* matter; and (5) the *Core Wireless* matter.

Of particular relevance here, as a condition for Mayer Brown's representation of LGE in the *Jenam* matter, LGE "consent[ed] to [Mayer Brown's] representation of other clients adverse to [LGE] in future matters substantially unrelated to the technology involved in" that and "other matters where [Mayer Brown] represented LGE in the past five (5) years" and agreed to "waive[] any conflict of interest arising from such matters," (the "*Jenam* agreement") Appx3 (emphasis omitted).

After Pantech commenced this suit, LGE moved to disqualify Mayer Brown on the ground that its representation of Pantech and prior representations of LGE violate the Texas Disciplinary Rules of Professional Conduct and the American Bar Association's Model Rules of Professional

Conduct 1.09.[1] In response, Pantech argued that LGE had consented to Mayer Brown's representation based on the *Jenam* agreement and the prior matters were not substantially related to the current suit.

On August 28, 2023, the district court, largely agreeing with the analysis of the magistrate judge, entered an order rejecting LGE's request to categorically disqualify Mayer Brown. The court first held that the *Jenam* agreement constituted prior consent to the purported conflict arising from the *Jenam*, *CCE,* and Arbitration matters and the current suit.[2]

As to the *Core Wireless* matter, the court agreed with LGE that the matter was not subject to the *Jenam* agreement because the technologies were substantially related; the court nonetheless concluded that disqualification was not warranted because "the record before the Court shows that Mayer Brown and [its attorneys] did not work on or advise LGE as to *Core Wireless*," Appx21, and that no member of Mayer Brown obtained any confidential information of LGE as part of that representation, Appx20.

Lastly, while agreeing with LGE that disqualification was warranted based on the *MTT* matter and Mayer

---

[1]   The Texas Rules of Professional Conduct, which are followed by the Eastern District of Texas and, for our purposes, are materially similar to the ABA Model Rules, provide: "Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . if it is the same or a substantially related matter." Texas Rule 1.09(a); ABA Model Rule 1.09(a).

[2]   LGE does not press any argument with regard to the *Jenam* matter in its petition.

Brown's representation of Pantech in an infringement suit asserting the '839 patent, the district court declined to disqualify Mayer Brown from the entire litigation. Instead, the court found it more appropriate to sever the '839 patent into a separate case from which Mayer Brown was disqualified. LGE's petition and motions follow. We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651(a).

## DISCUSSION

To establish entitlement to the "extraordinary remedy" of a writ of mandamus, a petitioner is required to show that: (1) it has "no other adequate means to attain the relief [it] desires;" (2) the right to the writ is "clear and indisputable;" and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations omitted). Our review of attorney disqualification issues not unique to patent matters is governed by the law of the regional circuit. *See Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829 (Fed. Cir. 1988). Under Fifth Circuit law, the disqualification decision is generally committed to the sound discretion of the district court, *see Webb v. Town of Saint Joseph*, 925 F.3d 209, 221 (5th Cir. 2019), and "[d]enial of a motion to disqualify counsel will rarely justify the issuance of a writ of mandamus," *In re Am. Airlines, Inc.*, 972 F.2d 605, 608 (5th Cir. 1992) (brackets in the original, collecting cases). We cannot say that LGE has shown this to be one of those rare cases.

As to the *CCE* and Arbitration matters, LGE has not shown a clear entitlement to disqualification based on its arguments regarding burdens of proof. The district court agreed with the magistrate judge that "Pantech ha[d] met its burden of showing LGE gave informed consent for Mayer Brown to represent other clients in future matters adverse to LGE, subject to the limitations specifically negotiated," Appx14, and that LGE ultimately failed to show disqualification of Mayer Brown was appropriate based on the court's interpretation of the *Jenam* agreement and

consideration of the factual record. LGE has not identified any precedent inconsistent with those conclusions, which is consistent with precedent placing the burden on the movant seeking disqualification. *See In re Am. Airlines*, 972 F.2d at 614 (noting "the party seeking disqualification bears the burden of proving that the present and prior representations are substantially related"). [3]

As to the *Core Wireless* matter, we also see no mandamus-worthy error in the district court's denial of disqualification. LGE argues the district court's determination that the technologies involved in that prior matter are substantially related to the current litigation (such that the *Jenam* agreement does not constitute prior consent) conclusively establishes an impermissible conflict-of-interest. But we cannot say that it was a clear abuse of discretion for the district court to have considered the limited nature of that prior representation and determine, based on the particular facts, that disqualification was not warranted. *See Am. Airlines, Inc.*, 972 F.2d at 614 (noting that the test for disqualification requires "painstaking analysis of the facts and precise application of precedent" relative to "the subject matters, issues and causes of action" (cleaned up)).

---

[3] LGE relies on *In re Dresser Industries, Inc.*, 972 F.2d 540, 545 (5th Cir. 1992), but that decision simply noted the disqualified attorney had identified no exceptional circumstance that would excuse the conflict from adverse concurrent representation. LGE's reliance on nonbinding district court cases requiring the disqualified attorney to make a showing of informed consent, *see, e.g., Galderma Lab'ys, L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 398 (N.D. Tex. 2013); *Celgene Corp. v. KV Pharm. Co.*, No. 07-4819, 2008 WL 2937415, at *6 (D.N.J. July 29, 2008), also do not establish a clear and indisputable right to relief under governing precedent.

6                                                                    IN RE: LG ELECTRONICS INC.

Lastly, as to the *MTT* matter, we see no clear and indisputable error in the district court's remedy. A district court generally has "wide discretion in framing its sanctions to be just and fair to all parties involved." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (citation omitted); *see also FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313–14 (5th Cir. 1995) (noting that "[d]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration"). And the district court's chosen remedy of severing the '839 patent and disqualifying Mayer Brown solely from representation in that separate action reasonably follows from the fact that Mayer Brown's representation as to the other asserted patents was either covered by LGE's prior consent or did not raise a conflict of interest. LGE cites nothing in the rules or governing authorities that clearly and indisputably demonstrates that the district court here exceeded its considerable discretion.

Accordingly,

IT IS ORDERED THAT:

The petition and motions are denied.

FOR THE COURT

December 26, 2023
Date

Jarrett B. Perlow
Clerk of Court